UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT LYNN FLOCK,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF ALAMEDA and others,<br><br>    Defendants. | Case No. 12-cv-01003 NC<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO DISMISS**<br><br>Re: Dkt. No. 23 |

    This action arises out of the alleged use of excessive force by agents of the County of Alameda during the execution of an arrest warrant. Plaintiff Robert Lynn Flock brings claims against Defendants, the County of Alameda and its agents, under 42 U.S.C. § 1983 and California law. Defendants move to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6). The single issue presented in the motion is whether Plaintiff has pleaded sufficient facts in the amended complaint to show his compliance with the California Government Claims Act. Because the amended complaint shows that Plaintiff's compliance with the Government Claims Act was untimely, Defendants' motion to dismiss the state law claims is GRANTED.

//

Case No. 12-cv-01003 NC
ORDER GRANTING MOTION TO
DISMISS

# I. BACKGROUND

## A. Procedural History

Plaintiff first sued Defendants in the Superior Court of California for the County of Alameda on December 9, 2011.  That case was dismissed without prejudice on March 28, 2012. Dkt. No. 13 at 2.  Plaintiff filed this suit in federal court on February 28, 2012. Dkt. No. 1.  Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff's state law claims were barred by his failure to comply with the California Government Claims Act and that he had failed to allege the essential elements of an equal protection claim.  Dkt. No. 10.  On June 27, 2012, this Court granted Defendants' motion, but permitted Plaintiff leave to amend.  Dkt. No. 21.  On July 16, 2012, Plaintiff filed his first amended complaint.  Dkt. No. 22.

## B. Claims in the First Amended Complaint

The first amended complaint, Dkt. No. 22, alleges that on March 2, 2010, agents of the County of Alameda executed an arrest warrant on Plaintiff in Castro Valley, California.  These agents are Defendants Gregory Ahern, James Russell, C. Shepard, Colby Staysa, and David Vandagriff.  Plaintiff claims that Defendants Russell, Shepard, Staysa, and Vandagriff ("Defendant Deputies") employed excessive force while executing the arrest warrant even though Plaintiff "offered no resistance at all."  Plaintiff further contends that the Defendant Deputies made derogatory and discriminatory comments to him on the basis of his sexual orientation.  Plaintiff claims that Defendants' actions caused him to suffer emotional distress and various physical injuries, including a fractured facial orbital bone, a broken leg, and multiple lacerations and contusions to his face, head, and body.

Plaintiff claims that prior to filing this action, he complied with the California Government Claims Act by filing an administrative complaint with the Internal Affairs Section of the Alameda Sheriff's Department on December 7, 2010, a copy of which is attached to the complaint as Exhibit B.  The Internal Affairs Section denied his claim in a letter dated February 16, 2011, which also is attached to the complaint as Exhibit C.

In the first amended complaint, Plaintiff brings the following federal claims against Defendants: (1) use of excessive force in violation of 42 U.S.C. § 1983; (2) deprivation of equal protection under the Fourteenth Amendment in violation of 42 U.S.C. § 1983; (3) cruel and unusual punishment in violation of 42 U.S.C. § 1983; (4) pattern of abuse; (5) "acting at direction of Sheriff of Alameda"; (6) "acting at direction of County of Alameda"; (7) failure to train, supervise, and instruct by the Sheriff of Alameda; and (8) failure to train, supervise, and instruct by the County of Alameda.[1] He also brings the following state claims: (1) assault and battery; (2) negligence; (3) conspiracy; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; and (6) malicious prosecution.

## C. Defendants' Motion[2]

Defendants move to dismiss all of the state law claims in Plaintiff's amended complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 23. Defendants argue that Plaintiff has not alleged facts showing that he complied with the Government Claims Act because he has not shown that the administrative complaint he filed with the Internal Affairs Section of the Alameda County Sheriff's Office was received by the Clerk of the Alameda County Board of Supervisors. Under California Government Code § 915(a), a claim under the Government Claims Act must be filed with the clerk, secretary, auditor, or governing body of the public entity at issue. Defendants also argue that Plaintiff's administrative complaint was untimely, as he filed the claim more than six months after the arrest at issue took place. *See* Cal. Gov. Code § 911.2(a) (requiring that claims against a public entity be filed "within six months after the accrual of the cause of action").

---

[1] The Court construes claims (4)-(8) as "further factual enhancement" that, while having applicability both to Plaintiff's state law tort claims and his § 1983 claims, makes his federal claims more plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 557 (2007).

[2] Defendants request judicial notice of the complaint Plaintiff filed in state court and of the state court's order dismissing that complaint with leave to amend. Dkt. No. 23, Ex. 1. As the authenticity of these documents is not subject to reasonable dispute under Federal Rule of Evidence 201, the Court takes judicial notice of the documents.

Case No. 12-cv-01003 NC
ORDER GRANTING MOTION TO DISMISS
3

Plaintiff opposes the motion, arguing that he has alleged facts showing that he substantially complied with the Government Claims Act, which is sufficient to survive a 12(b)(6) motion. Dkt. No. 24. Plaintiff argues that California courts require only substantial compliance with the Government Claims Act, meaning that a claim may be deemed sufficient "if it substantially complies with all of the statutory requirements for a valid claim even though it is technically deficient in one or more particulars." *Santee v. Santa Clara Cnty. Office of Educ.*, 269 Cal. Rptr. 605, 611 (Cal. Ct. App. 1990). Plaintiff argues that his claim addressed to the Internal Affairs Section of the Sheriff's Department substantially complied with the requirements of California Government Code § 910. Dkt. No. 22 at 7; Dkt. No. 24 at 3. He also alleges that if his claim was deficient, the Sheriff's Department had a statutory duty to notify him under California Government Code § 910.8. Dkt. No. 24 at 3. The failure to notify, Plaintiff contends, waives insufficiency of a claim as a defense. Dkt. No. 24 at 3.

**D.     Jurisdiction**

The court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343(a), and 1367(a). All parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 12, 15.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead his claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citation and internal quotation marks omitted). A court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031

Case No. 12-cv-01003 NC
ORDER GRANTING MOTION TO DISMISS             4

(9th Cir. 2008). If a complaint lacks facial plausibility, a court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

### III. DISCUSSION

**A.  Defendants' Motion to Dismiss the State Claims Is Granted Because Plaintiff's Substantial Compliance with the California Government Claims Act Was Untimely.**

The California Government Claims Act requires individuals seeking to file a civil action for damages against a public entity to follow certain procedures before doing so. *See* Cal. Gov. Code §§ 810-996.6. Specifically, an individual seeking to bring a state law tort claim against a public entity must file a written claim to the public entity at issue within six months of the date on which the cause of action accrued; this individual may file a civil suit only after the governing body of the public entity acts upon the claim or rejects the claim. *Id.* §§ 911.2, 940.2, 945.4. The claim must contain the claimant's name and address, the date and circumstances that gave rise to the grievance, a general description of injuries and damages, the names of the public employees responsible, and the amount of damages sought if less than $10,000, *id.* § 910, and must be delivered or mailed "to the clerk, secretary, auditor, or to the governing body at its principal office," *id.* § 915(a)(2).

An individual's failure to meet these requirements bars him from bringing a civil action for the same claim in state or federal court. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988) (holding that state law tort claims against public entities and public employees are barred unless the plaintiff pleads facts showing that he filed written claims with the public entity in accordance with the California Government Claims Act). Here, the Government Claims Act applies to Plaintiff's state law tort claims, namely assault and battery, negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and malicious prosecution.

Under the Act, a claim must be submitted within six months of the accrual of the cause of action. Cal. Gov. Code § 911.2. "[F]ailure to timely present a claim for money

Case No. 12-cv-01003 NC
ORDER GRANTING MOTION TO DISMISS
5

or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." *State v. Superior Court (Bodde)*, 90 P.3d 116, 119 (Cal. 2004). Presenting a claim to the public entity within the statutory window is "a condition precedent to plaintiff's maintaining an action against defendant." *Shirk v. Vista Unified Sch. Dist.*, 164 P.3d 630, 634 (Cal. 2007) (internal citation omitted). A cause of action accrues for the purposes of the Act on the date on which, if the dispute were between private parties, the statute of limitations would begin to run. *Id.* The statute of limitations begins to run for a tort action when the injury occurs. *Shively v. Bozanich*, 80 P.3d 676, 679 (Cal. 2003).

Here, Plaintiff was arrested and his cause of action accrued on March 2, 2010. Plaintiff filed his claim with the Sheriff's Department on December 7, 2010. This falls outside the six month limitation period to present a claim set by the Act. Cal. Gov. Code § 911.2. His claim was untimely, which bars his action against Defendants.

Plaintiff argues that Defendants waived their defenses under the Act—including as to the timeliness of his claim—because they failed to notify him of the deficiencies of his complaint. The Act requires a public entity to notify a claimant if a claim does not satisfy the statutory requirements of § 910. Cal. Gov. Code § 910.8. The failure of the public entity to do so waives "any defense as to the sufficiency of the claim." *Id.* § 911. However, Plaintiff's reliance on §§ 910.8 and 911 is misplaced. Where a claim substantially complies with the elements of § 910, the entity's duty to notify, and the corresponding waiver of defenses for the failure to notify, are inapplicable. *Id.* § 910.8; *City of Stockton v. Superior Court*, 171 P.3d 20, 30 (Cal. 2007); *Phillips v. Desert Hosp. Dist.*, 780 P.2d 349, 356 (Cal. 1989) ("[S]ections 910.8, 911 and 911.3 . . . become significant only when the claim as presented does not substantially comply with sections 910 and 910.2.").

Because "the purpose of [the Government Claims Act] is to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation," *City of San Jose v. Superior Court*, 525 P.2d 701, 706 (Cal. 1974), "a claim need not contain the detail and specificity

required of a pleading, but need only fairly describe what [the] entity is alleged to have done," *Connelly v. Cnty. of Fresno*, 52 Cal. Rptr. 3d 720, 726 (Cal. Ct. App. 2006).  Here, Plaintiff's letter notified the Department of his claim and gave it an opportunity to investigate Plaintiff's allegations and address his claims outside of court.  It identified the public employees involved and described the serious injuries Plaintiff sustained, for which he wanted to sue the Department.  Plaintiff has alleged sufficient facts to demonstrate "some compliance with all of the statutory requirements" of § 910.  *San Jose*, 525 P.2d at 707.  Accordingly, Defendants had no duty to notify him of defects, and thus did not waive the defenses of sufficiency or timeliness.  Plaintiff's claim was late, and amendment will not make it timely.  Therefore, Defendants' motion to dismiss the state law claims is GRANTED WITHOUT LEAVE TO AMEND.

**B.  Plaintiff's § 1983 Claims Survive This Motion Because the Government Claims Act Does Not Apply to Them.**

A plaintiff does not need to comply with the claim requirements of the Government Claims Act before bringing a federal claim under the Civil Rights Act.  *Williams v. Horvath*, 548 P.2d 1125, 1130 (Cal. 1976) (holding that § 911.2 is inapplicable to § 1983 claims and that "the purposes underlying § 1983 . . . may not be frustrated by state substantive limitations couched in procedural language"); *California Corr. Peace Officers Ass'n v. Virga*, 103 Cal. Rptr. 3d 699, 706 (Cal. Ct. App. 2010) (holding the Government Claims Act inapplicable to § 1983 claims and noting the "decades of case law holding that section 1983 actions are not subject to the Claims Act"); *Gatto v. Cnty. of Sonoma*, 120 Cal. Rptr. 2d 550, 565 (2002) ("Section 1983 claims are exempt from the state claims requirements because the supremacy clause of the United States Constitution does not permit a state law to alter or restrict federally created rights."); *Robinson v. Alameda Cnty.*, No. 12-cv-00730 JCS, 2012 WL 2367821, at *11, — F. Supp. 2d — (N.D. Cal. June 21, 2012) ("The filing requirement [of the Government Claims Act] does not apply to . . . causes of action based upon federal law.").

Defendants move to dismiss Plaintiff's complaint based solely on his failure to comply with the Government Claims Act. Dkt. Nos. 23, 25. The requirements of the Act are inapplicable, however, to claims brought under § 1983 or other federally created rights. Therefore, Plaintiff's § 1983 claims survive the motion.

## IV. CONCLUSION

Because Plaintiff's claim under the Government Claims Act was untimely, Defendants' motion to dismiss the six state law tort claims is GRANTED WITHOUT LEAVE TO AMEND. Defendants must serve an answer to the federal law claims, including the allegations in claims (4) through (8) to the extent that they apply to Plaintiff's claims under § 1983, within twenty-one days of the date this order is filed. A case management conference will be held on October 10, 2012, at 10:00 a.m.

IT IS SO ORDERED.

Date: September 13, 2012

_____
Nathanael M. Cousins
United States Magistrate Judge